## ORY *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where a mortgage was given to secure endorsements to a certain specified
amount, which are soon afterwards made, and it is proved that new notes
are taken in renewal of the original ones, with the same endorsement:
*Held*, that the endorser can claim the benefit of the mortgage to secure
the payment of the new notes, over ordinary creditors.

This case arises out of the classification of the privileged
and mortgaged debts of the insolvent, as presented in the
tableau of classification and distribution, by the syndics.
Pierre Dubertrand, Joseph Abat and others are placed as
mortgage creditors for notes and acceptances which they
have bound themselves to pay, on account of the ceding
debtor.

Michel Bergeron and others, chirographery creditors of the
insolvent, oppose a certain mortgage in favor of Dubertrand
and others, which gives them a privileged claim, on the
ground that it was fraudulently obtained, when the insolvent
was in failing circumstances, and with a view to give them
a preference over other creditors. They, therefore, oppose
the homologation of the tableau, and pray that it be
amended, by annulling the mortgage, &c.

The evidence shows Dubertrand took a mortgage on the
plantation of the insolvent, in April, 1832, to secure the sum
of sixteen thousand dollars, in prospective endorsements, and
soon after actually endorsed for that sum, on notes which
were thrown into market and sold. Dubertrand exhibited an
extract from his own mercantile books, which was received
in evidence, by consent, by which it was shown that the
first notes endorsed had been negotiated, and, as they became
due, taken up by Dubertrand, and other notes given by the
insolvent, in renewal of them, and endorsed by Dubertrand,

67

to the amount of fifteen thousand nine hundred and eighty dollars. For the benefit of the holders of these notes, the mortgage is now claimed.

The district judge, after correcting a small claim of Dubertrand on the tableau, sustained the mortgage in behalf of the notes, and dismissed the opposition. The opponents appealed.

*A. & J. Seghers,* for the appellants contended that, by taking new notes, and surrendering the original ones, the debt was novated and the mortgage extinguished. *Louisiana Code, article* 2191. Morgan *vs.* His Creditors, 1 *Louisiana Reports,* 527.

*Deblieux, contra.* The mortgage was given in accordance with the *Louisiana Code, article* 3259.

*Martin, J.,* delivered the opinion of the court.

This is a case of insolvency. Bergeron and other creditors of the insolvent debtor are appellants from a judgment dismissing their opposition to the claims and rank in which Dubertrand and others, holders of certain promissory notes of the insolvent, and endorsed by Dubertrand, occupy on the tableau of classification and distribution of the insolvent's estate.

The counsel for the appellants have contended in this court, that the District Court erred in dismissing their opposition, on several grounds:

1. Because the original debt and notes endorsed by Dubertrand, to secure the payment for which the mortgage was given, have been novated.

2. But even admitting, for argument sake, (the proposition being denied,) that, by surrendering the original notes, the debt was not novated, nor the mortgage to secure it extinguished, there is no legal proof that the notes, on which the mortgage is now claimed, were given for the renewal of the original notes endorsed by the appellee.

3. The mortgage was given to secure Dubertrand from the consequences of his liability as an endorser, and he does not show that he has paid any thing on his endorsement. The payment of the notes of the insolvent debtor, are now claimed to be paid out of the property surrendered.

The mortgage deed shows that the mortgage was given to secure Dubertrand for endorsements and acceptances *made and to be given;* and the benefit of the mortgage is given to *holders* of such endorsements and acceptances.

The record shows that the original notes endorsed by the appellee were given for the sum of sixteen thousand dollars. The evidence in the case, which appears to have been introduced and received without objection, but which might have been objected to, established the fact that the notes for which the benefit of the mortgage originally executed is now claimed, were given for the renewal of the original notes. This fact appearing, from evidence received without objection, the opposition of the appellants was correctly overruled.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Eastern Dist.
*June,* 1835.

Where a mortgage was given to secure endorsements, to a certain specified amount, which are soon afterwards made, and it is proved that new notes are taken in renewal of the original ones, with the same endorsement: *Held,* that the endorser can claim the benefit of the mortgage, to secure the payment of the new notes, over ordinary creditors.